**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

INVISTA NORTH AMERICA S.À R.L. and
AURIGA POLYMERS, INC.,

             Plaintiffs,

      v.

M&G USA CORPORATION and
M&G POLYMERS USA, LLC,

          Defendants.

C.A. No. 11-1007-SLR-CJB

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

WHEREAS, Plaintiffs INVISTA North America S.à r.l. ("INVISTA") and Auriga

Polymers, Inc. ("AURIGA"), and Defendants M&G USA Corporation and M&G Polymers

USA, LLC (collectively, "M&G"), through counsel, stipulate to entry of this Protective Order

("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of

confidential information;

IT IS HEREBY ORDERED that:

INVISTA North America S.à r.l. ("INVISTA") and Auriga Polymers, Inc. ("AURIGA"),

Plaintiffs in the above-captioned action, and M&G USA Corporation and M&G Polymers USA,

LLC (collectively, "M&G"), Defendants in the above-captioned action, assert that they possess

confidential information in the form of trade secrets or other confidential business, personal

and/or technical information related to the subject matter of this litigation.  The parties recognize

that it may be necessary to disclose certain of the asserted confidential information during the

course of this litigation.  As a result, the parties desire limiting disclosure and preventing use of

such information for purposes other than the prosecution and defense of this action.  In addition, the parties contemplate that non-parties may produce confidential information.

1.    **DEFINITIONS**

(a)    *Confidential Information*:  The term "CONFIDENTIAL INFORMATION" shall mean any information (regardless of how it is generated, stored, or maintained) or tangible things of the Producing Party that the Producing Party in good faith regards as confidential or proprietary information that is sensitive and is not publicly known and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation information that the Producing Party claims in good faith to constitute or relate to research and development information (including, for example, laboratory notebooks, research plans, market and demographic research, and product and advertising development), non-public patent prosecution information directed to present or pending applications that are not publicly accessible, financial information (including, for example, budgeting, accounting, sales figures, forecasts, and advertising expenditures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and personnel information (including, for example, compensation, evaluations and other employment information).

(b)    *Designated Material*:  The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION.

(c)    *Discovery Material*:  The term "Discovery Material" shall mean any Document (as defined below), material, item, tangible thing, testimony, or thing filed with or presented to

2

the Court or produced, served, or generated during the discovery process, including, for example,

exhibits, answers to interrogatories, responses to requests for admissions, responses to requests

for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and

all copies, extracts, summaries, compilations, designations, and portions thereof.

(d)    *Document*:  The term "Document" shall mean every means of recording any form

of communication or representation upon any tangible thing, including letters, numbers, words,

pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting,

printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM

or any other form of data storage, data compilation, or mechanical or electronic recording,

including without limitation all things which come within the meaning of "writings,"

"recordings," or "photographs" contained in Rule 1001 of the Federal Rules of Evidence, or

within the meaning of "document," "electronically stored information," or "tangible thing"

contained in Rule 34 of the Federal Rules of Civil Procedure.

(e)    *Highly Confidential – Attorneys' Eyes Only Information*: The term "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION"  shall mean any

information (regardless of how it is generated, stored, or maintained) or tangible things of the

Producing Party that is extremely sensitive, the disclosure of which to another Party or Non-

Party would create a substantial risk of serious harm that could not be avoided by less restrictive

means, including without limitation information that the Producing Party claims in good faith to

constitute or relate to (i) trade secrets under applicable law, and (ii) new product research and

development information (including, for example, laboratory notebooks, research plans, market

and demographic research, and product and advertising development), commercially sensitive

competitive information (including, for example, business plans, business strategies,

negotiations, and license agreements), non-public patent prosecution information directed to future patent applications that are not publicly accessible, and non-public regulatory filings.

(f)     *Producing Party*:  The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material.

(g)     *Receiving Party*:  The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material in this action.

(h)     *Scope:*  The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.

2.     **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION shall be made by the Producing Party in the following manner:

(a)     In the case of Documents or any other tangible things produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

4

(b)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as designated by the Producing Party.  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY the copies of such documents, as appropriate, at the time the copies are produced to the Receiving Party; and

(c)     In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate by the reporter, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent.  Pending expiration of the ten (10) business days, all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order or the parties agree to such person's attendance.

3.    **CONTESTING THE DESIGNATION**

(a)    No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this action or any other action to the propriety of such designation.

(b)    Any party may contest a claim of confidentiality.  Any party objecting to the designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION must give outside counsel of record for the Producing Party written notice of its reasons for the objection.  Failing resolution after service of the written notice of its reasons for the objection, the party objecting may, on a duly noticed motion, seek an order removing the designation.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, *i.e.*, the Producing Party, but information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION shall be deemed as such until the matter is resolved.

4.    **RESTRICTION ON DISCLOSURE AND USE**

(a)    *Confidentiality.*  Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

(b)    *Use.*  All CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION shall be disclosed, disseminated and used by the

Receiving Party only for purposes of this litigation.  It shall be the duty of each party and each individual having notice of this Order to comply with this Order from the time of such notice. For clarity, "this Litigation" means (i) the case *INVISTA North America S.à r.l. and Auriga Polymers, Inc. v. M&G USA Corporation and M&G Polymers USA, LLC*, No. 11-1007-SLR-CJB, including any litigation over a temporary restraining order or preliminary injunction; and (ii) any appeal or interlocutory appeal of any order entered in (i).  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

      (c)    *Related Legal Action*.  In the event a party wishes to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION material for use in a legal action, administrative proceeding, or other matter different from this Litigation, whether in the United States or foreign, (collectively, "Different Action"), such party shall provide written notice to the Producing Party identifying (i) the Different Action, (ii) the material sought to be disclosed in the Different Action, (iii) the reason for the proposed disclosure, and (iv) the proposed recipients involved in the Different Action of the proposed disclosure.  If the Producing Party objects to the use of material in a Different Action, the producing party shall object, in writing, within five (5) business days of receipt of the written notice, and state the basis for its objection.  Within five (5) business days of the written objection, the parties shall meet and confer.  If the parties do not reach resolution, or if the Producing Party does not object and meet and confer as specified above, the party seeking disclosure may seek an order from this Court allowing such disclosures.

(d)    *Maintenance of Designated Material.*  Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(e)    A Producing Party is free to do whatever it desires with its own Designated Material.

5.    **ACCESS TO DESIGNATED MATERIAL**

(a)    *Access to Confidential Information* - Designated Material that is designated by a Producing Party as CONFIDENTIAL INFORMATION shall be available only to the following persons subject to the terms of paragraph 6:

(i)    Outside counsel of record to any party in connection with this Litigation, and the outside counsel's partners, associates and employees.  Unless otherwise directed by the Court or authorized in writing by the Producing Party, persons who are provided access to Designated Materials from a Producing Party under Paragraph 5(a)(i)/5(b)(i) shall be prohibited from further involvement in patent prosecution activities enlarging claim scope, including without limitation the preparation and prosecution of a broadening reissue application, with respect to patents relating to poly(ethylene terephthalate) ("PET") matrix and gas barrier technology for a duration of the case plus two years;

(ii)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court or qualified court reporters;

(iii)    Consultants or experts retained by any of the parties or their counsel to consult or testify in the Litigation, excluding employees, officers or directors of a named party, or former employees, officers or directors of a named party, or owners of more than a two-percent interest in a named party; but only if said consultants or experts are not involved in

patent prosecution activities enlarging claim scope, including without limitation the preparation and prosecution of a broadening reissue application, with respect to patents relating to poly(ethylene terephthalate) ("PET") matrix and gas barrier technology for the duration of the case plus one year or the duration of their engagement by a party or a party's counsel plus one year, whichever terminates earlier;

(iv)    Potential witnesses in this action who are directors, officers, employees, or corporate designees of the Producing Party under Fed. R. Civ. P. 30(b)(6), by a Receiving Party's outside counsel during a deposition;

(v)    Potential witnesses in this action (including, but not limited to, inventors of the patents-in-suit or individuals who were formerly directors, officers, employees, or experts of the Producing Party, but only for those witnesses if the CONFIDENTIAL INFORMATION was in existence during the period of his or her service or employment and it is established that the witness was involved in the project to which the CONFIDENTIAL INFORMATION relates so that it is reasonable that the witness had access to the CONFIDENTIAL INFORMATION during the course of his or her service or employment) and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness; but only at deposition;

(vi)    Third party contractors and their employees involved in document management or copying services for this Litigation, including third party contract attorneys;

(vii)    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this Litigation;

(viii)    Jury or trial consulting services retained by a party in this action;

9

(ix)    Persons who have been retained by a party to provide translation or interpretation from one language to another;

(x)    Any others as ordered by the Court or to whom the Producing Party has given written consent; and

(xi)    For each party to this Litigation, up to two (2) in-house counsel or in the event a party does not have in-house counsel up to two (2) in-house business persons, and each in-house counsel's or in-house business person's clerical staff and paralegals.  The in-house counsel, in-house business persons, clerical staff and paralegals shall not be involved in the research, development, or patent prosecution activities enlarging claim scope, including without limitation the preparation and prosecution of a broadening reissue application, concerning PET matrix and gas barrier technology.  Nor shall the in-house business persons be involved in decision-making regarding the foregoing. Involvement in patent prosecution activities and decision making regarding patent prosecution activities shall mean providing input of any type into decisions regarding subject matter for which patent protection should be sought, the scope of claims that should be sought, arguments that should be made during patent prosecution and any other involvement in patent prosecution activities where the knowledge obtained from access to the Producing Party's Confidential Information could be used adversely to the Producing Party, concerning PET matrix and gas barrier technology.

These in-house counsel, in-house business persons, clerical staff and paralegals shall have no involvement in the research, development, and patenting activities enlarging claim scope, including without limitation the preparation and prosecution of a broadening reissue application, concerning PET matrix and gas barrier technology for two (2) years following the final disposition of this Litigation as defined in paragraph 12 below.  The in-house business

persons shall have no involvement in decision-making as discussed above, for two (2) years following the final disposition of this Litigation as defined in paragraph 12 below or following their departure of employment with a Party, whichever terminates earlier. The two (2) year prohibition of involvement of this paragraph shall take effect when the Receiving Party serves on the Producing Party a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the designated In-house Representative, as set out in Paragraph 6.

(b)    *Access to Highly Confidential Information - Attorneys Eyes Only* - Designated Material that is designated by a Producing Party as HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be available only to the following persons subject to the terms of paragraph 6:

(i)    Outside counsel of record to any party in connection with this Litigation, and the outside counsel's partners, associates and employees. Unless otherwise directed by the Court or authorized in writing by the Producing Party, persons who are provided access to Designated Materials from a Producing Party under Paragraph 5(a)(i)/5(b)(i) shall be prohibited from further involvement in patent prosecution activities enlarging claim scope, including without limitation the preparation and prosecution of a broadening reissue application, with respect to patents relating to PET matrix and gas barrier technology for a duration of the case plus two years;

(ii)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court or qualified court reporters;

(iii)    Consultants or experts retained by any of the parties or their counsel to consult or testify in the Litigation, excluding employees, officers or directors of a named party,

or former employees, officers or directors of a named party, or owners of more than a two-percent interest in a named party; but only if said consultants or experts are not involved in patent prosecution activities enlarging claim scope with respect to patents relating to poly(ethylene terephthalate) ("PET") matrix and gas barrier technology for the duration of the case plus one year;

        (iv)    Potential witnesses in this action who are directors, officers, employees, or corporate designees of the Producing Party under Fed. R. Civ. P. 30(b)(6), by a Receiving Party's outside counsel during a deposition;

        (v)    Potential witnesses in this action (including, but not limited to, inventors of the patents-in-suit or individuals who were formerly directors, officers, employees, or experts of the Producing Party, but only for those witnesses if the HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY was in existence during the period of his or her service or employment and it is established that the witness was involved in the project to which the HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY relates so that it is reasonable that the witness had access to the HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during the course of his or her service or employment) and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness; but only at deposition;

        (vi)    Third party contractors and their employees involved in document management or copying services for this Litigation, including third party contract attorneys;

        (vii)    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this Litigation;

(viii)    Jury or trial consulting services retained by a party in this Litigation;

(ix)    Persons who have been retained by a party to provide translation or interpretation from one language to another; and

(x)    Any others as ordered by the Court or to whom the Producing Party has given written consent.

6.    **CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

(a)    *Consultants and Experts.*  Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under paragraph 5(a)(iii) or 5(b)(iii), the party shall:

(i)    Serve a notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address, business telephone numbers, present employer and position, consulting activities and job history for the past three years, and providing the most recent curriculum vitae or resume of the expert or consultant.  If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii)    Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(iii)    The Producing Party shall be entitled to object to such disclosure to the expert or consultant within ten (10) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.

(iv)    If the parties are unable to agree on the disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within fifteen (15) business days of its objection.  The burden of establishing the validity of such written objections rests with the objecting party.  If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(v)    No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(vi)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(b)    *Other Individuals.*  Each person identified in Paragraph 5(a)(iv)(v)(x) and 5(b)(iv)(v)(x) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way in accordance with this Protective Order shall first execute an Acknowledgment of Protective Order in substantially the form shown in Exhibit A.  Counsel for the Receiving Party shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of this Litigation.  Upon final termination of this Litigation and at the written request of the

Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

(c)    *In-house Counsel and In-house Representatives*.  Each person in Paragraph 5(a)(xi) to whom Designated Material is given, shown, disclose, made available or communicated in any way in accordance with this Protective Order shall first execute an Acknowledgment of Protective Order in the form shown Exhibit A and serve the executed Acknowledgment on the Producing Party.

7.    **PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL**

All CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall, unless otherwise ordered by the Court, be filed under seal in accordance with the terms and procedures set forth in Local Rules of the District of Delaware, the Federal Rules of Civil Procedure, and CM/ECF Procedures, or applicable appellate rules as appropriate.

8.    **UNINTENTIONAL FAILURE TO DESIGNATE**

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material.  Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the

confidentiality designation shall not be deemed a violation of this Order. However, the

Receiving Party agrees to undertake its best efforts to retrieve all copies of the Designated

Material, or notes or extracts thereof, in the possession of the persons not authorized under this

Order to possess such Designated Material and agrees to advise the person to whom disclosure

was made that the material is confidential and should be treated as provided in the Order. No

demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall

be required for such redesignation.

9.    **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

Counsel shall exert reasonable efforts to identify documents or material protected by the

attorney-client privilege or the work-product doctrine prior or other applicable privilege or

immunity to the disclosure of any such documents or material. If, however, a party discloses

documents or material that is privileged or protected by the work product doctrine and that the

party maintains was unintentionally disclosed, the party shall, within five (5) business days upon

discovery of the disclosure, so advise the Receiving Party in writing, request such documents or

material be returned, and attach a privilege log entry pertaining to such documents or material

that is privileged or otherwise immune from discovery. It is further agreed that the Receiving

Party will return or destroy (except as provided below) such documents or material, and all

copies and derivations, within five (5) business days of the Receiving Party's receipt of a written

request for the return of the documents or material. The cost, if any, for excising such

documents or materials by the Receiving Party shall be borne by the Producing Party. The

Receiving Party having returned or destroyed such documents or material may seek production

of the documents or material in accordance with the Federal Rules of Civil Procedure and as

provided below. The inadvertent production in discovery of any privileged or otherwise

protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney client privilege, the protection afforded to work product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party when inadvertent production is discovered as set out above.

In connection with a motion to compel production, and notwithstanding the foregoing provisions concerning the return or destruction of such documents and material that the Producing Party contends was unintentionally disclosed, the Receiving Party may retain sufficient copies of such documents or material to present its motion to compel to the Court. Any motion to compel production shall be filed within five (5) business days of the Receiving Party's receipt of a written request for the return of such documents or material. The Receiving Party shall only maintain such copies for purposes of the litigation of the motion to compel production, and no other purpose, and shall return or destroy such copies immediately if: (a) no motion to compel production is filed by the Receiving Party within five (5) business days of the Receiving Party's receipt of a written request for the return of such documents or material; or (b) the Court denies the motion to compel production.

10.    **INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such

17

information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this Order.

11.  **RESPONSIBILITY OF ATTORNEYS**

Outside counsel of record shall be responsible for providing a copy of this Order to all persons identified in Paragraph 6 who are required to execute a copy of the Acknowledgment of Protective Order, and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY.  No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under Paragraphs 5 and 6 for use as working copies.  All copies, extracts and translations must be appropriately marked and are subject to Paragraph 11 of this Order.

12.  **FINAL DISPOSITION**

Upon termination, settlement or final judgment of this Litigation, as defined in paragraph 4, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days.  However, retained counsel may retain pleadings or other papers filed with the Court or served in the course of the litigations, attorney and consultant work product, deposition transcripts and exhibits, and the trial record for archival purposes.  If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed.  The provisions of this Order insofar as it restricts the

disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

13.    **NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

14.    **RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information.  This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order.  On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

15.    **DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

16.    **ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter.  The

marking of Designated Material as CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY pursuant to this Order shall

not, for that reason alone, bar its introduction or use at any court proceeding related to this matter

pursuant to such terms and conditions as the Court may deem appropriate, consistent with the

need for a complete and accurate record of the proceedings; provided, however, that every effort

shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve

the confidentiality of Designated Material.

17.    **NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to

this Order seeking production or other disclosure of a Producing Party's Designated Material,

that Receiving Party shall give written notice to outside counsel of record for the Producing

Party within three (3) business days after receipt of the subpoena or other compulsory process

identifying the specific Designated Material sought and enclosing a copy of the subpoena or

other compulsory process.  If the Producing Party timely seeks a protective order, the Receiving

Party to whom the subpoena or other compulsory process was issued or served shall not produce

the Designated Material requested prior to receiving a Court order or consent of the Producing

Party.  In the event that Designated Material is produced to the non-party, such material shall be

treated as Designated Material pursuant to this Order.

18.    **UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party,

through inadvertence or otherwise, to any person or party not authorized under this Protective

Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of

such Designated Material, and to bind such person to the terms of this Order.  In such event, the

Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

19.    **COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

20.    **EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY unless and until they are redesignated by the Producing Party or by further order of the Court.

21.    **TERMINATION**

The termination of this Litigation shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

22.    **OTHER PROCEEDINGS**

By entering this order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding that information may be relevant

and subject to disclosure in another litigation.  Any person or party subject to this order who

becomes subject to a motion to disclose another party's information designated

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY pursuant to this order shall promptly notify that party of the motion

so that the party may have an opportunity to appear and be heard on whether that information

should be disclosed.


IT IS SO ORDERED. DATED this ____ day of _____, 2012.


_____
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

INVISTA NORTH AMERICA S.À R.L. and
AURIGA POLYMERS, INC.,

          Plaintiffs,

      v.                                  C.A. No. 11-1007-SLR-CJB

M&G USA CORPORATION and
M&G POLYMERS USA, LLC,

          Defendants.

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____, state that:

My residence address is _____

_____.

My business address is _____

_____.

My present employer and position are _____

_____.

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

At the final termination of this litigation, I will return to counsel all documents or things consisting of or containing Confidential Information or Highly Confidential Information – Attorneys Eyes Only.

DATED this _____ day of _____, 2012.

_____
(Signature)

_____
(Typed or Printed Name)

2