## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVISTA NORTH AMERICA S.À.R.L., and AURIGA POLYMERS INC., | ) ) ) |
| Plaintiffs, | ) C.A. No. 11-1007-SLR-CJB ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| M&G USA CORPORATION and M&G POLYMERS USA, LLC, | ) **PUBLIC VERSION** ) ) |
| Defendants. | ) ) |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

OF COUNSEL:

Megan D. Dortenzo
Arthur Licygiewicz
Michael P. Sherban
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Tel: (216) 566-5500

Dated: January 16, 2013
Public Version Dated: January 22, 2013
1090415 / 38526

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants M&G USA Corporation and M&G Polymers USA, LLC*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 1

LAW & ARGUMENT .................................................................................................................. 2

    I.   Invista Does Not Have Standing To Assert Privilege Over Auriga Documents ........................ 2

        A.  Invista transferred and/or waived any privileges regarding Auriga documents created prior to sale of assets to Auriga ........................................................................ 2

        B.  Invista has no standing regarding Auriga documents created after the sale of assets to Auriga ........................................................................................................ 4

    II.  M&G Is Entitled To An Order Compelling Plaintiffs To Produce All Documents They Have Clawed-Back On Inadequate Claims Of Privilege ................................................ 5

        A.  Auriga and Invista have the burden of establishing the existence of a privilege ................ 5

        B.  M&G is entitled to the clawed-back documents where Auriga and Invista have failed to satisfy their burden of establishing the existence of a privilege ........................... 6

            1.  Auriga's privilege claims over documents PL139, PL177-78, PL180-81, and PL189-90. ........................................................................................................ 6

            2.  Invista's privilege claim over document PL105 ........................................................ 7

            3.  Invista's privilege claim over Auriga documents PL006, 009, 012-13, 015-16, 019, 023-27, 031-37, 040, 043-45, 048, 051, 053, 057-59, 061, 065-66, 084, 087-88, 093-95, 100, 107-09, 118-19, 121-24, 126-28, 130, 132, 134-35, 137, 143, 145-48, 157-58, 160-66, 171-74 ........................................................................................ 7

    III.  M&G Is Entitled To Reimbursement of Its Attorneys' Fees and Expenses ........................... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    Page

*Beller v. Credit Alliance Corp.*,
   106 F.R.D. 557 (N.D.Ga. 1985) ........................................................................................9

*Conoco, Inc. v. United States DOJ*,
   687 F.2d 724 (3d Cir. 1982) ..............................................................................................6

*Fisher v. United States*,
   425 U.S. 391 (1976) ...........................................................................................................5

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ...........................................................................................................6

*In re In-Store Advertising Sec. Litig.*,
   163 F.R.D. 452 (S.D.N.Y. 1995) .......................................................................................3

*In re Lott*,
   424 F.3d 446 (6th Cir. 2005) ..........................................................................................5, 6

*Magnetar Techs. Corp. v. Six Flags Theme Park, Inc.*,
   C.A. No. 07-127-LPS-MPT, 2012 U.S. Dist. LEXIS 118930 (D. Del Aug. 22, 2012) .............4, 5, 8

*Safeco Ins. co. of Am. v. M.E.S., Inc.*,
   No. 09-CV-3312, 2011 U.S. Dist. LEXIS 140700 (E.D.N.Y. Dec. 7, 2011) ....................7

*SWIMC, Inc. v. Thermal Solutions, LLC*,
   C.A. No. 08-084-SLR, 2009 U.S. Dist. LEXIS 53528, (D. Del. June 24, 2009) ...............9

*Thomas Organ Inc. v. Jadranska Slobodna Plovidba*,
   54 F.R.D. 367 (N.D. Ill. 1972) ...........................................................................................6

*United States v. Roxworthy*,
   457 F.3d 590 (6th Cir. 2006) .............................................................................................6

*Westinghouse Elec. Corp. v. Republic of the Philippines*,
   951 F.2d 1414 (3d Cir. 1991) ............................................................................................5

**Rules**

Fed. R. Civ. P. 26 ......................................................................................................................2

Fed. R. Civ. P. 37 ...............................................................................................................2, 9, 10

## INTRODUCTION

Invista North America S.à.r.L. ("Invista") and Auriga Polymers, Inc. ("Auriga") (collectively "Plaintiffs") are attempting to improperly shield relevant, responsive, non-privileged documents from production. Over the course of discovery, Plaintiffs have repeatedly claimed that they inadvertently produced "privileged" documents in response to M&G Corporation and M&G Polymers USA, LLC's (collectively "M&G") Requests for Production of Documents. As a result, Plaintiffs repeatedly clawed-back documents pursuant to paragraph 9 of the Protective Order (D.I. 63) and asserted that these documents were privileged or otherwise immune from discovery. Plaintiffs, however, are wrong. Not only are certain clawed-back documents not privileged or immune from discovery, but for many of the documents, the claims of privilege have been withdrawn by the only party that could even have asserted them – Auriga. Nevertheless, undaunted by this, Invista still attempted to claim privilege over the same documents from which Auriga withdrew its claims of privilege. Invista, however, does not have standing to assert privilege over or claw-back Auriga documents. Thus, for at least the reasons set forth herein, M&G seeks an Order from this Court that (1) invalidates Invista's and Auriga's claw-back request for the challenged documents, (2) requires Invista and Auriga to reproduce the challenged documents, and (3) and awards M&G its costs and fees in making this motion.

## FACTUAL BACKGROUND

During discovery, M&G served its Requests for Production of Documents to both Invista and Auriga. Copies of the Requests for Production of Documents are attached as Exhibit A-1 and A-2 respectively. As discovery proceeded, Invista and Auriga produced documents in response to M&G's request. At various times during discovery both Invista and Auriga notified M&G that privileged documents may have been produced, and that they were exercising their claw back rights under the Protective Order. Each time either Invista or Auriga notified M&G of documents they wanted to claw back, Invista or Auriga provided a privilege log that contained the list of documents to be clawed back.

Both Invista and Auriga also provided a revised privilege log that served as an aggregate of all documents to be clawed back. From the time of the initial claw back notification through the present, both the Invista and Auriga privilege logs have changed to reflect the addition of new documents, as well as the removal of documents for which the privilege claim has been withdrawn. The most recent Invista privilege log is dated January 8, 2013. A copy of Invista's January 8, 2013 second revised privilege log is attached as Exhibit B. The most recent Auriga privilege log is dated December 21, 2012. A copy of Auriga's December 21, 2012 revised privilege log is attached as Exhibit C.

M&G is not challenging all the claw back entries on the privilege logs, just a subset of those entries. A list of the challenged documents is attached as Exhibit D. M&G is challenging 7 documents of the 35 documents identified on Auriga's privilege log, and 74 documents of the 103 documents identified on Invista's privilege log. Each entry on the privilege logs has a unique privilege log number denoted as "PL###." For the Court's convenience, the "PL###" will be used whenever a specific document is referred to by this memorandum. Copies of the challenged documents are attached as Exhibit E.

The parties have unsuccessfully attempted to resolve the claw back disputes on their own. Having failed to reach an amicable solution with Plaintiffs, M&G asks this Court to compel Plaintiffs to fulfill their obligations under Rules 26 and 37 of the Federal Rules of Civil Procedure.

## LAW & ARGUMENT

I.  **Invista Does Not Have Standing To Assert Privilege Over Auriga Documents.**

   **A. Invista transferred and/or waived any privileges regarding Auriga documents created prior to sale of assets to Auriga.**

Invista does not have standing to assert privilege regarding the Auriga documents at issue, which were created prior to Invista's sale of assets to Auriga. In particular, these documents include PL044, PL107-08, and PL118 (collectively "Pre-sale Documents"). ▇▇▇▇▇▇▇▇▇▇

2



*Id.* (emphasis added.) Therefore, Auriga has sole authority to assert or waive privilege regarding the challenged Pre-sale Documents, which existed at the time of the Asset Sale Agreement.

There is no dispute that the Pre-Sale Documents were transferred to Auriga as part of Invista's asset sale. To the extent that Invista maintains that the privileges related to those documents did not transfer, then Invista has waived the privileges related to the transferred documents, which include the Pre-Sale Documents. *See, In re In-Store Advertising Sec. Litig.*, 163 F.R.D. 452, 458 (S.D.N.Y. 1995) (holding where confidential attorney-client communications are transferred from a corporation selling assets to the corporation buying the assets, the privilege is waived as to those communications). Accordingly, with respect to the Pre-Sale Documents, Invista has either transferred any privileges to Auriga or has waived any privileges via its sale of assets to Auriga.

---

1 ▇

As discussed above, to the extent any privileges have not been waived, Auriga, not Invista is the holder of such privileges to these Pre-Sale Documents. Here, Auriga has not asserted any privileges regarding the Pre-Sale Documents. Therefore, M&G is entitled to the Pre-Sale Documents.

### B. Invista has no standing regarding Auriga documents created after the sale of assets to Auriga.

The remaining Auriga documents listed on Invista's privilege log were created after Invista's sale of assets to Auriga. To the extent that any privileges exist with respect to these documents, then Auriga, not Invista is the client for purposes of asserting attorney-client privilege. The attorney-client privilege belongs to the client and can be asserted only by the client. *Magnetar Techs. Corp. v. Six Flags Theme Park, Inc.*, C.A. No. 07-127-LPS-MPT, 2012 U.S. Dist. LEXIS 118930, at *23 (D. Del. Aug. 22, 2012). All of the documents listed on Invista's privilege log, with the exception of PL044, PL105, PL107-08, and PL118, were created by Auriga, on Auriga systems, and for Auriga's business. Invista has provided no support for its theory that somehow they hold the right to assert the privilege for documents created by an entirely separate and unrelated company. Merely because Auriga created documents that may not support Invista's theory of this case, does not in any way give Invista the right to assert misleading privilege claims and claw back those documents. To the extent that any of these documents are privileged, Auriga, not Invista, is the client, and only Auriga can assert privilege for these documents. Therefore, Invista has no standing to assert any privilege regarding the documents listed on its privilege log, with the exception of the one Invista document, PL105. Auriga has not asserted any privilege over the Auriga documents listed on Invista's privilege log. In fact, Auriga affirmatively withdrew its claim of privilege over these same documents. *See*, Exhibit C at footnote on pg. 3. Accordingly, M&G is entitled to these remaining Auriga documents.

4

## II. M&G Is Entitled To An Order Compelling Plaintiffs To Produce All Documents They Have Clawed-Back On Inadequate Claims Of Privilege

Auriga has asserted privilege over the Auriga documents listed on its privilege log. *See*, Exhibit C. Invista has asserted privilege over one (1) Invista document (PL105), which is listed on its privilege log. *See*, Exhibit B. Additionally, assuming arguendo, that even if Invista has standing to assert privilege over Auriga documents, which it does not, Invista also has asserted privilege with respect to 102 Auriga documents, which are listed on its privilege log. *Id.* M&G challenges the privilege assertion over certain documents because neither Auriga nor Invista has satisfied its burden showing that these documents are privileged. *See*, Exhibit D. Invista and Auriga have not provided sufficient evidence on their privilege logs to support their inadequate privilege claims. As discussed below, Invista's and Auriga's "trust us" position is not enough to satisfy their heavy burden of showing the clawed back documents are privileged.

### A. Auriga and Invista have the burden of establishing the existence of a privilege.

The attorney-client privilege protects from disclosure confidential communications *between a client and legal advisor*. *In re Lott,* 424 F.3d 446, 450 (6th Cir. 2005) (emphasis added). The privilege applies only if: (1) there is a communication, (2) made between privileged persons, (3) in confidence, (4) for the purpose of obtaining or providing legal assistance for the client. *Magnetar Techs. Corp.*, 2012 U.S. Dist. LEXIS 118930, at *19. The party seeking to invoke the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the confidential nature of the communication. *Id.* The attorney-client privilege is construed narrowly because it obstructs the truth-finding process. *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1423 (3d Cir. 1991). The privilege "protects *only* those disclosures--necessary to obtain informed legal advice--which might not have been made absent the privilege." *Id.* at 1423-24 (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)) (emphasis in original).

The work product immunity generally protects from disclosure documents prepared or collected by an attorney in the course of preparing for possible litigation. *Conoco, Inc. v. United States DOJ*, 687 F.2d 724, 730 (3d Cir. 1982) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). The burden of demonstrating that a document is protected as work-product rests with the party asserting the immunity. *Id.* Documents prepared in the normal course of business or for other non-litigation purposes are not covered by the work product immunity as they are not created in anticipation of litigation. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). Likewise, the absence of an attorney's participation in a document's creation gives rise to a conclusive presumption that the document was created in the ordinary course of business and not in anticipation of litigation. *Thomas Organ Inc. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 372 (N.D. Ill. 1972).

Here, Auriga and Invista have failed to satisfy their burden of showing that the clawed-back documents are protected by either the attorney-client privilege or the work product immunity. Below is a discussion of the specific categories of clawed-back documents that M&G is challenging.

### B. M&G is entitled to the clawed-back documents where Auriga and Invista have failed to satisfy their burden of establishing the existence of a privilege.

1. *Auriga's privilege claims over documents PL139, PL177-78, PL180-81, and PL189-90.*

In Auriga's privilege log, Auriga claims that the documents PL139, PL177-78, PL180-81, and PL189-90 are protected by the attorney-client privilege. *See,* Exhibit C. Again, as noted above, the attorney-client privilege protects only those communications between a client and a legal advisor. *In re Lott,* 424 F.3d at 450. Here, Auriga has not established that any of these documents are communications between it and legal counsel. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6

For example, Auriga does not identify an attorney associated with the purported legal advice, how the documents were sent to an attorney, or if and when the documents were even sent to an attorney. By failing to fill in these factual gaps, Auriga has failed to satisfy its burden of proving privilege. *See, Safeco Ins. co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312, 2011 U.S. Dist. LEXIS 140700, at *13 (E.D.N.Y. Dec. 7, 2011) (holding a party failing to submit evidence to fill in factual gaps has not met its heavy burden of proving that the privilege or protection applies to the documents or communications at issue). Accordingly, M&G is entitled to the documents, PL139, PL177-78, PL180-81, and PL189-90, because they are not afforded the protection provided by the attorney-client privilege.

2. *Invista's privilege claim over document PL105.*

In Invista's second revised privilege log, Invista claims the sole Invista document, PL105, is protected by the attorney-client privilege. *See,* Exhibit B. This privilege claim suffers from the same deficiencies as the Auriga claims discussed above. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, M&G is entitled to the document, PL105.

3. *Invista's privilege claim over Auriga documents PL006, 009, 012-13, 015-16, 019, 023-27, 031-37, 040, 043-45, 048, 051, 053, 057-59, 061, 065-66, 084, 087-88, 093-95, 100, 107-09, 118-19, 121-24, 126-28, 130, 132, 134-35, 137, 143, 145-48, 157-58, 160-66, 171-74.*

In Invista's second revised privilege log, Invista claims that Auriga documents PL006, 009, 012-13, 015-16, 019, 023-27, 031-37, 040, 043-45, 048, 051, 053, 057-59, 061, 065-66, 084, 087-88, 093-95, 100, 107-09, 118-19, 121-24, 126-28, 130, 132, 134-35, 137, 143, 145-48, 157-58, 160-66, 171-74 are protected by the attorney-client privilege or the attorney work product immunity. *See,*

7

Exhibit B. As discussed above, Invista does not have standing to assert any privileges over these Auriga documents, which were created by Auriga after Invista's asset sale. In fact, Auriga originally asserted privilege over these documents, but has since withdrawn its privilege claims over these documents. *See,* Exhibit C at footnote on pg. 3. Invista cannot come in after the fact, and try to assert privileges of its own. The privilege belongs to the client and can be asserted only by the client. *Magnetar Techs. Corp.*, 2012 U.S. Dist. LEXIS 118930, at \*23. Here Auriga, not Invista, is the client pertaining to these documents to the extent any privilege may exist. Therefore, Invista's privilege claims over these documents are invalid, and should be disregarded allowing M&G access to the documents.

In the event that it is found that Invista has standing to assert privilege, which it does not, M&G asserts that the documents themselves are not privileged in any case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As discussed above, failing to fill in such factual gaps with evidentiary support fails to satisfy Invista's burden of showing the document is entitled to protection provided by the attorney-client privilege.

Additionally, Invista's privilege log fails to show that these Auriga documents were ever even presented to counsel for Auriga or Invista at any point in time. Where documents such as these have never been drafted by, reviewed or even forwarded to the client's attorney, the overall purpose and goal of the protection provided by the attorney work product immunity is vanquished. Clearly, Invista has not met its burden to show that these documents they seek to protect were prepared in anticipation of litigation and therefore entitled to attorney work-product immunity. Accordingly, M&G is entitled to these documents.

8

### III. M&G Is Entitled To Reimbursement of Its Attorneys' Fees and Expenses.

Discovery practice is not "to be used as a tactical device" that would allow a resistant party to "attempt to give up as little information as possible until compelled to do so." *Beller v. Credit Alliance Corp.*, 106 F.R.D. 557, 559 (N.D.Ga. 1985). To the contrary, discovery is intended to be open and complete, absent a legitimate claim of burden or privilege. *Id.*

Having established that M&G is entitled to an Order compelling Plaintiffs to fully respond to M&G's Requests for Documents by producing the clawed-back documents, M&G is also entitled to the reasonable expenses, including attorney's fees, it has incurred in preparing this Motion. Pursuant to Civil Rule 37, when a motion to compel is granted, or if the requested discovery is provided after the motion was filed (subject to considerations not at issue here[2]), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Absent an express finding that the failure to comply was substantially justified, or that other circumstances would make an award unjust, the trial court must grant a party's request for reasonable expenses. *SWIMC, Inc. v. Thermal Solutions, LLC*, C.A. No. 08-084-SLR, 2009 U.S. Dist. LEXIS 53528, at *9-10 (D. Del. June 24, 2009).

In this case, there is no justification – much less substantial justification – for Plaintiffs' failure to produce the documents they have clawed-back on inadequate claims of privilege. This is especially true in light of the fact that Invista is improperly attempting to assert privilege over the Auriga

---

[2] A Court need not impose this sanction if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). None of those circumstances applies. First, M&G did attempt to resolve this dispute before approaching the Court, as evidenced by the Local Rule 7.1.1 Certification. Second, Plaintiffs' insistence on clawing back documents based on inadequate claims of

9

documents that were transferred to Auriga as part of the asset sale, or created by Auriga after the asset sale. Accordingly, because this Court should issue an Order compelling Plaintiffs to produce said documents, M&G is entitled to an award for the expenses and attorney's fees incurred in preparing this Motion. Fed. R. Civ. P. 37(a)(5).

## CONCLUSION

For good cause shown, M&G respectfully asks this Court to issue an Order (1) compelling Plaintiffs to produce certain documents that they have attempted to claw back through the use of improper and inadequate claims of privilege, and (2) requiring Plaintiffs to reimburse M&G for the expenses and attorney's fees incurred in preparing this Motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Megan D. Dortenzo
Arthur Licygiewicz
Michael P. Sherban
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Tel: (216) 566-5500

Dated: January 16, 2013
Public Version Dated: January 22, 2013
1090415 / 38526

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants M&G USA Corporation and M&G Polymers USA, LLC*

---

privilege, is not justified at all – the Requests for Documents are directly related to the issues of this case. Finally, there are no other circumstances making it unjust for Defendants to pay these costs.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 22, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 22, 2013, the attached document was Electronically Mailed to the following person(s):

William J. Marsden, Jr.
Douglas E. McCann
Anna Martina Hufnal
Susan M. Coletti
Robert M. Oakes
Fish & Richardson, P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
Invista_FR_service@fr.com

Karen Y eh
Fish & Richardson, P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Invista_FR_service@fr.com

John W. Shaw
Jeffrey T. Castellano
Shaw Keller LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
jshaw@shawkeller.com
jcastellano@shawkeller.com

Jonathan E. Singer
Fish & Richardson, P.C.
60 South Sixth Street
3300 RBC Plaza
Minneapolis, MN 55402
Invista_FR_service@fr.com

William Cory Spence
Reid P. Huefner
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, IL 60654
cory.spence@kirkland.com
reid.huefner@kirkland.com

By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      POTTER ANDERSON & CORROON LLP
      Tel: (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

1042786/38526