# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

17ᵀᴴ FLOOR
222 DELAWARE AVENUE
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Martina Tyreus Hufnal**
302 778-8471

Email
hufnal@fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

February 22, 2013

## REDACTED VERSION

The Honorable Christopher J. Burke
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   INVISTA S.à.r.l. v. M&G USA Corporation, et al.
      USDC-D. Del. - C. A. No. 11-1007-SLR/CJB

Dear Magistrate Judge Burke:

On behalf of Plaintiff INVISTA, we respectfully request that the Court: (1) allow INVISTA's ███████ access to the highly confidential documents produced in this litigation; and (2) allow INVISTA's ████████████████████ ████████████████ documents produced by M&G in this case, which were already approved by this Court for use in proceedings between the parties in Germany.

**I.   INVISTA's ███████ Should be Permitted Access to M&G's Documents Subject to the Terms of the Protective Order**

[redacted]

Fed. R. Civ. P. 26(c) permits modification of a Protective Order for "good cause." *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994). This Court previously held that INVISTA's German counsel may have access to M&G's confidential information for purposes of the German infringement action. (Ex. C at 26-32.) M&G subsequently requested that its German counsel be granted similar access to INVISTA's confidential information for purposes of M&G's Opposition to the patent in the European Patent Office. Although the parties were not similarly

FISH & RICHARDSON P.C.

The Honorable Christopher J. Burke
February 22, 2013
Page 2

situated, to avoid burdening the Court with another discovery dispute, INVISTA agreed.  (Ex. D.)  After M&G ▇▇ INVISTA ▇▇, INVISTA's counsel proposed the same treatment for the parties' respective ▇▇▇▇▇▇ M&G refused INVISTA's request.  (Ex. E.)

The parties anticipated the need to use specific documents from the U.S. litigation in other proceedings, and provided a mechanism for doing so in the Protective Order. (D.I. 63 ¶ 4(c).)  Both parties have used it.  The dispute between INVISTA and M&G now spans ▇▇▇▇▇.  INVISTA simply seeks an even playing field for the efficient resolution of these disputes. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

This Court's prior ruling that INVISTA could use these very documents in the related German litigation was consistent with the relevant case law.  *See Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409-10 (N.D.N.Y. 1973) (allowing plaintiff to use defendant's discovery from United States litigation in Canada, England and Germany); *see also Abbott GmbH & Co. KG v. Centocor Ortho Biotech, Inc.*, C.A. No. 09-11340-FDS D.I. 67 at *3-4 (D. Mass. July 14, 2010) (permitting disclosure of documents produced in United States litigation to Canadian courts and court personnel) (D.I. 116, Ex. C.); *see also* 28 U.S.C. § 1782 (authorizing district courts to honor letters rogatory issued by foreign jurisdictions).  Considerations of efficiency, conservation of resources, and coordination of global litigation strategy among outside counsel warrant discovery sharing.  *See Abbott* at *2 (sharing of discovery materials with entities connected to foreign litigation will "prevent unnecessary duplication of efforts and wasteful expenditure of resources"); *see also Johnson Foils* 61 F.R.D. at 409 (rejecting protective order restricting use of confidential discovery in related patent litigations in Canada, England and Germany involving "essentially the same parties").

In allowing the use of these documents in Germany, the Court recognized that any use of the documents is limited by Section 4 of the Protective Order.  The same applies to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ It is

---

[1] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

FISH & RICHARDSON P.C.

The Honorable Christopher J. Burke
February 22, 2013
Page 3

no different than the situation with respect to M&G's counsel in Germany, who are from a different law firm than M&G's U.S. counsel.

**II.     INVISTA Should ▮▮▮ Be Permitted to Use the Twelve Redacted Documents ▮▮▮**

The information INVISTA seeks to disclose ▮▮▮ – just twelve documents.  All of the documents are redacted, and M&G has made no claim that the disclosed portions contain any trade secrets.  In fact, M&G and the Court have allowed INVISTA to use these exact documents in the German litigation.[2] (*See* D.I. 124.)  M&G has offered no reason ▮▮▮

The documents at issue are relevant ▮▮▮ because they are probative of the composition of the accused products and where M&G markets those products.  M&G's only articulated basis for refusing INVISTA's request is its familiar refrain that INVISTA ▮▮▮ (Ex. E.) M&G's concern rings hollow in light of the limited scope of INVISTA's request, the contemporaneous filing of the German infringement action,[3] and this Court's previous finding that the U.S. case was not filed for an improper purpose.

The documents INVISTA seeks to use were attached as Ex. B to Richard Horwitz's September 20 letter to the Court.  (D.I. 120.)  They are reattached to this letter as Ex. F for the Court's convenience, and their relevance ▮▮▮ are described generally below.[4]

**MG00055554, MG00059685, MG000083171, MG00186125, MG00190325:**
▮▮▮

▮ M&G documents that show the composition of the PoliProtect Products, and more specifically the existence of the compatibilizer and polyester, are evidence of infringement.  (*Id*.)  M&G made similar arguments in the German infringement

---

[2] INVISTA requested one additional document in the German proceeding because M&G was contesting whether the proper M&G entity was named in the action. ▮▮▮

[3] ▮▮▮

[4] These documents were described in greater detail in the Declaration of Frank Petereins, submitted as Ex. B to D.I. 116.

FISH & RICHARDSON P.C.

The Honorable Christopher J. Burke
February 22, 2013
Page 4

proceeding, and these documents provide evidence that the PoliProtect Products are manufactured with an ionic compatibilizer.  (Ex. B, Peterreins Dec. ¶6.)

**MG00067089, MG00196910, MG00197124, MG00175780, MG00185851, MG00192510, MG00244354:**

▬▬▬▬▬▬▬▬▬ Documents showing that M&G was and is focused on European markets, or manufactures product ▬▬▬▬▬▬▬▬▬ A similar showing was necessary in the German infringement proceeding and these documents provide evidence that M&G was and is focused on European markets, ▬▬▬▬ (Ex. B, Peterreins Decl. ¶7.)

There is no prohibition ▬▬▬ based in law or public policy, that prevents the use of information from U.S. discovery ▬▬▬▬▬▬▬ Moreover, the fact that some of this information might not have been obtainable in the first instance through ▬▬ discovery rules is not relevant. The Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* declined to impose a requirement on litigants that materials sought for use in foreign litigations be discoverable in the foreign forum.  542 U.S. 241, 260-62 (2004).

Finally, the protections to prevent the public disclosure of confidential material ▬▬ are at least equal to those in Germany. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

For the reasons set forth above, INVISTA's ▬▬▬▬ should be permitted access to confidential information under the Protective Order, and INVISTA should be permitted to disclose the documents at issue ▬▬▬▬▬▬.

Respectfully submitted,

/s/ A. Martina Hufnal

A. Martina Hufnal


cc:  All Counsel of Record