IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVISTA NORTH AMERICA S.À R.L. and AURIGA POLYMERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> M&G USA CORPORATION and M&G POLYMERS USA, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) Civ. No. 11-1007-SLR ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of May, 2015, having reviewed the pretrial evidentiary disputes discussed in the parties' proposed joint pretrial order (D.I. 666);

IT IS ORDERED that defendants shall submit for the court's review, on or before **May 14, 2015**, the expert reports upon which they rely for damages, consistent with the following reasoning:

1. According to the Federal Circuit,

   > [t]he entire market value rule is derived from Supreme Court precedent requiring that the patentee "must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative."

   *Astrazeneca AB v. Apotex Corp.*, --- F.3d ---, 2015 WL 1529181 at *11 (Fed. Cir. April 7, 2015). Even where a patent covers the infringing product as a whole (not a single component of a multi-component product) and the claims recite both conventional and unconventional elements, "the court must determine how to account for the relative

value of the patentee's invention in comparison to the value of the conventional elements recited in the claim . . . ." *Id.; see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1233 (Fed Cir. 2014) ("[T]he patent holder should only be compensated for the approximate incremental benefit derived from his invention.") (citing *Garretson v. Clark,* 111 U.S. 120, 121 (1884).

> It is not the case that the value of all conventional elements must be subtracted from the value of the patented invention as a whole when assessing damages. For a patent that combines "old elements," removing the value of all of those elements would mean that nothing would remain. In such cases, the question is how much new value is created by the novel combination, beyond the value conferred by the conventional elements alone.

*Astrazeneca AB v. Apotex Corp.*, 2015 WL 1529181 at *12.

2. Regardless of how one characterizes the above exercise, it is clear that "the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Ericsson, Inv. v. D-Link Sys., Inc.,* 773 F.3d at 1226. According to plaintiffs, "the 'conventional' elements of the '216 patent (namely the PET, MXD6 and cobalt) become more valuable by their use in the patented invention." (D.I. 666 at 17) More specifically, and as explained in the first trial, "the synergistic reduction in yellowness was an unexpected and surprising result of the entire composition." (*Id.* at n.2) Not surprisingly, defendants disagree and contend instead that "the '216 patent teaches the combination of three elements: a copolyester comprising a metal sulfonate salt, a partially aromatic polyamide, and a cobalt salt, not a composition that provides a claimed reduction in yellowness and haze. Claim 1 makes no reference to a reduction in yellowness or haze in the claim itself." (*Id.* at 22)

2

Moreover, "the '216 patent was not a barrier composition with anti-haze properties in an all-in-one pellet solution. The '216 patent was directed to the addition of a compatibilizer - a copolyester comprising a metal sulfonate salt - to an already known resin composition." (*Id.*)

3. Clearly the experts disagree about the value added by the inventive concept described in the '216 patent. I recognize that "[t]he disagreement between the experts as to whether the claimed invention is coextensive with the entirety of the accused product . . . or an incremental improvement in the technology" should be an issue of fact for the jury. (*Id.*) However, as articulated by defendants in the pretrial order,[1] I have a concern that the manner in which they attempt to minimize the value of the '216 patent may be inconsistent with the validity verdict rendered in the liability phase of the trial[2] and affirmed on appeal. For that reason, I will review defendants' expert reports and confirm that they are directed to valuation and not (even obliquely) to invalidity.

IT IS FURTHER ORDERED that plaintiffs may refer to their sales in Europe, consistent with the evidence of such presented in the liability phase of the case.

United States District Judge

---

[1] For instance, that they hold the patents on a barrier resin with reduced haze in an all-in-one solution.

[2] This is one of the very few damages trials that may actually go forward under my old regime of bifurcating the liability and damages phases of a case. The present issue of consistency of evidence between the two phases is one of the complications that led to abandoning that practice.

3