IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVISTA NORTH AMERICA S.A.R.I., and AURIGA POLYMERS INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 11-1007-SLR ) |
| M&G USA CORPORATION and M&G POLYMERS USA, LLC, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of May, 2016, having reviewed plaintiffs' motion to reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 720) is denied, to the extent and for the reasons that follow:

1. **Standard of review.** A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or

amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. See id. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990); see also *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

2. **Analysis.** The thrust of plaintiffs' motion is not directed at the court's decision to stay the injunction[1] but at the amount and manner of payment of the royalty rate to be paid by defendants pending the outcome of the administrative proceedings. Plaintiffs first argue that the court misapprehended the agreement reached by the parties at the damages phase of the case. Rather than litigate damages, the parties agreed on a lump sum payment for past infringement; to wit, $556,000 based on approximately 55.6 million pounds of PoliProtect product defendants sold from the time the '216 patent issued until the injunction order took effect. Mathematically, defendants paid plaintiffs one (1) cent per pound of PoliProtect resin sold.

3. The court recognizes that it did not engage in a more extensive reasonable royalty analysis. The court notes that neither did plaintiffs - until now, with plaintiffs urging the court to impose a royalty rate of four (4) cents per pound of PoliProtect resin

---

[1] The court declines to reconsider its decision in this regard, based on the lack of any substantive argument supporting such.

imported into the United States, manufactured or sold in the United States, or exported from the United States. The court declines to embrace plaintiffs' late presentation for immediate implementation.

4. However, the court notes that it did not intend its December 28, 2015 memorandum order to be the final word on damages related to future infringement. As the court understood the circumstances, it was being asked to put a place holder in the Delaware litigation to afford some measure of protection to plaintiffs, but also to reflect the changed status of the '216 patent before the PTO and of plaintiffs' competing products in the marketplace. The court assumed that, if the validity of the '216 patent were preserved, the parties would either resolve the issue of future damages by settlement or by litigation. Therefore, the status quo will be maintained[2] until the fate of the '216 patent is determined.

_____
United States District Judge

---

[2] In other words, that the royalty rate of one (1) cent per pound continue to be placed into escrow until further order of the court.

3